PROBATE COURT OF WESTERLY *vs.* WILLIAM J. POTTER, *et al.*

WASHINGTON—JUNE 7, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Fraud. Equitable Defences.*

As fraud can be shown in an action at law by proper pleading, it is improper and unnecessary to plead it by an equitable defence.

(2)  *Pleading. Demurrers.*

A decision on demurrer that a plea presents a sufficient defence is not an adjudication of the fact in favor of defendant. A decision on demurrer goes only to the sufficiency of the matter pleaded.

(3)  *Fraud. Equitable Defences.*

Where a replication set up fraud in procuring a release, a rejoinder by way of equitable defence, reciting evidence to rebut the inference of fraud is improper; since the tender of the issue of fraud is sufficient, and a plea should set up facts and not evidence of the facts.

DEBT on bond of executor. Heard on demurrer to rejoinder to replication to second plea, and sustained.

(1)  STINESS, C. J. This is an action of debt on an executor's bond, brought against the executor and sureties. The defendants in their second plea set up a release to the executor, under seal, from Elbert S. Potter, for whose benefit the action now stands. The plaintiff replied fraud in procuring the release, by what he calls an equitable defence to said plea. The defendants rejoined in a long statement, practically a bill in equity in itself, setting forth numerous allegations of facts. To this rejoinder the plaintiff demurs.

The first of the errors in pleading now before us was on the part of the plaintiff, in calling his replication an equitable defence. It was simply, in substance, a proper replication at law, because courts at law, as well as courts of equity, have jurisdiction in matters of fraud and there was no necessity to import an equitable defence into this case. *McCulla* v. *Beadleston*, 17 R. I. 20. This error, however, is not a substantial one, because the facts are properly pleaded and the plea concludes with a verification. 1 Chit. Pl. *582; 3 Chit. Pl. *1158; 9 Ency. Pl. & Pr. 676, 684, 687, 692. The statement that the replication is in the nature of an equitable plea may be rejected as surplusage. To the allegation of fraud, the defendants can rejoin by demurrer, confession and avoidance or traverse. This would present an issue in the ordinary way; but a voluminous recital of all the dealings of the parties, with minute details, is not a proper rejoinder. It leads to no issue.

The third plea sets up a former judgment, alleging that this court on November 14, 1898, adjudged that Elbert S. Potter was not interested in said estate, on the ground that he had given a release, as shown by profert of the record.

An inspection of the record shows that in 1898 four appeals were before the court from two decrees of the Court of Probate, two of the appeals being in the name of Grace E. Potter, by her guardian Elbert S. Potter, and two others by Elbert S. Potter individually. These appeals were not consolidated, and only the appeals of Grace E. Potter were heard. According to the minute book the appeals of Elbert S. Potter are still pending. The appeals of Grace E. Potter were heard November 14, 1898, and an order was entered therein, but the appeals of Elbert S. Potter were continued and still stand upon the docket without final disposition.

The order which was entered in the Grace E. Potter appeals was drawn by counsel on both sides, and it reversed the decree of the Court of Probate as to her appeals and affirmed it as to Elbert S. Potter's, on the ground that he had given a release to the executor.

Nothing appears upon the record to show that Elbert S.

Potter's appeals were heard. The order applied expressly to the appeals of Grace E. Potter alone. It applies, therefore, only to those appeals and not to those of Elbert S. Potter. The record, therefore, does not show an adjudication against Elbert S. Potter as pleaded. Both court and parties are bound by the record as it stands. There has been no motion to correct it. The question arises, why should the decree have made any mention of Elbert S. Potter? We can not answer the question, except to say that an order prepared jointly and presented to the court by both parties was probably assumed to be correct, and entered without close examination. It can not be corrected now, because the statutory time for correction has passed, and also because the membership of the court has changed. The recollection of the judges who sat in these cases, now remaining in the court, is that the parties talked about both sets of appeals, but the court held that, as the guardian could not give a voluntary release to the prejudice of his ward, it was void *ab initio* as to her, and she was not thereby deprived of an account; and that as the validity of the release by Elbert S. Potter, claimed to have been procured by fraud, could not have been passed upon by the Probate Court, it could not be considered on appeal, but relief must be sought in equity. Upon this suggestion, the clause relating to Elbert S. Potter's appeal was doubtless inserted by his counsel to show that the release was not passed upon, and, being hastily drawn, it was not clearly expressed. However this may have been, the fact remains that the question of fraud was not passed upon by the court, and the record does not show that it was, because there was no judgment in his cases.

(2)     To support their plea of adjudication the defendants rely on an opinion in this case, given on prior pleadings, in 25 R. I. 204. The court there considered the plaintiff's demurrers to numerous pleas; the second being the plea of a release, to which the plaintiff now replies fraud, as stated above, and the third being the judgment in the appeals, to which we have referred. At that time Grace E. Potter was a party to this

suit; but, having since become of age, she has discontinued the suit on her part and given a release.

The court, therefore, said, in regard to the demurrers, in the opinion referred, to, that either of said pleas would be a sufficient defence if the suit were brought for the benefit of Elbert S. Potter alone, and that they presented a defence to the case as it stood.

A decision, on demurrer, that a plea presents a sufficient defence is not an adjudication of the fact in favor of a defendant. If this were so it would be dangerous for a plaintiff to demur to a plea. That a decision on demurrer goes only to the sufficiency of the matter pleaded is too elementary for discussion.

The plea was held to be sufficient in its statement as a defence; but the plaintiff may still reply that other facts invalidate it, as, in this case, that the release was obtained by fraud. If the release is sustained it is a sufficient defence in this suit. If it is not, the defence pleaded amounts to nothing. A plea does not prove itself. It sets up a defence open to further pleading and the finding of fact on the plea.

The case of *Blake* v. *Butler*, 10 R. I. 133, relied on by defendants, is in line with the view we have expressed. It was a bill in equity, ancillary to a probate appeal, then pending in the Supreme Court, charging the administrator with fraud in his accounts and in procuring a release. The court dismissed the bill because the matters could be proved in the proceeding at law then pending.

In this case no pending appeal appears, but the pleas can be tried in this action at law.

(3)   The plaintiff demurs to the defendants' first and second rejoinders, which set up equitable answers to the replications,

These so-called equitable defences are neither responsive nor material. They simply recite evidence to rebut an inference of fraud. The issue of fraud in procuring the release is tendered, and it covers all that is set up in the equitable defence. If the release was not obtained by fraud, that ends the case. If it was so obtained, the executor can not be released by his own fraud, and no change of circumstances on

the part of the sureties is alleged. *Chase* v. *Chase*, 20 R. I. 202; *Crafts* v. *Crafts*, 23 R. I. 5.

The precedents cited by the defendants are answers in equity, or under a code which abolishes common-law pleadings and substitutes a complaint and answer, and are, therefore, not pertinent. Even in those cases, however, the answers set up facts constituting laches, and not evidence of the facts by which laches may be proved. That a different course would tend to a multiplicity of issues has already been demonstrated in this case.

It is unnecessary to consider the pleadings further in detail.

The second, third, and sixth pleas were allowed to stand in the previous decision.

The demurrer to the rejoinder to the replication to the second plea is sustained.

Upon further consideration, the third plea must be overruled, because an inspection of the decree referred to therein, which the court did not have before it at the previous hearing, shows that there was no decree against said Elbert S. Potter.

Upon the sixth plea the parties have joined issue.

This leaves the second plea with the replication that the release was obtained by fraud, and issue tendered on that point, the reference to it as an equitable defence being rejected. The defendants must traverse or avoid this replication, as a plea at law. The allegation in said replication, that the release was signed by the plaintiff without consideration, is simply incidental to the question of fraud, and not a separate issue. A sealed instrument imports consideration, *prima facie*. *Phillips* v. *Potter*, 7 R. I. 289.

Two questions will then stand for trial by the jury: the question of fraud, and the question of payment to Elbert S. Potter of all that he was entitled to from the estate.

All other pleadings are stricken out, and the clerk is directed to place them on file, apart from the other papers of the case, until final decision.

*A. B. Crafts and Oliver H. Williams*, for plaintiff.

*Thomas H. Peabody*, for defendants.